110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Dean COOK, Petitioner-Appellant,
v.
Rosie B. GARCIA, Warden, Centinela State Prison; Attorney
General, State of California, Respondents-Appellees.
 No. 96-55285.
 United States Court of Appeals, Ninth Circuit.
 March 24, 1997.*
Decided March 27, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald D. Cook appeals the district court's denial of his habeas corpus petition challenging his state court conviction for grand theft on Supremacy Clause grounds. We have jurisdiction under 28 U.S.C. § 2253. We affirm.
 
 I.
 
 3
 Cook owned and operated San Diego Realty Exchange, Inc. ("SDRE"), a company which purported to serve as an independent third party principal for tax-deferred exchanges of like-kind property under section 1031 of the Internal Revenue Code. SDRE entered "Exchange Agreements" with taxpayers under which SDRE agreed to facilitate tax-deferred transactions for a fee. Specifically, SDRE agreed to take title to property a taxpayer wished to transfer (the "downleg" property), convey that property to a buyer, purchase a new property identified by the taxpayer (the "upleg" property), and convey the upleg property to the taxpayer. In 1988, Cook began diverting the downleg proceeds to himself and his other business entities, leaving SDRE without sufficient funds to close the upleg portions of the transactions. In 1990, SDRE was placed in bankruptcy.
 
 
 4
 Cook was charged with grand theft of money and personal property. The jury was instructed on two theories of grand theft: embezzlement and false pretenses. The jury convicted Cook by general verdict.
 
 
 5
 On appeal, Cook argued that his conviction for grand theft from the taxpayers could not stand under an embezzlement theory because the taxpayers had no interest in the downleg sales proceeds at the time the proceeds were diverted. The California Court of Appeal disagreed, concluding that although SDRE held legal title to the downleg proceeds, the taxpayers retained beneficial interests which Cook misappropriated for his own use. The California Supreme Court denied review.
 
 
 6
 Cook petitioned for federal habeas relief, arguing that the California Court of Appeal's conclusion that the taxpayers retained beneficial interests in the downleg proceeds contravened federal tax law and thus violated the Supremacy Clause of the Constitution, and that the California Court of Appeal misconstrued the Exchange Agreements. The district court rejected Cook's arguments and denied the petition. This appeal followed.
 
 II.
 
 7
 We review the district court's decision to deny a petition for habeas relief de novo. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995).[1]
 
 III.
 
 8
 State law is preempted by and must yield to federal law where the state law "stands as obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Gade v. National Solid Wastes Management Ass'n, 505 U.S. 88, 98 (1992). Cook argues that the California Court of Appeal's determination that the taxpayers held a beneficial interest in the downleg proceeds is preempted by section 1031, which, according to Cook, prohibits taxpayers from maintaining any such interest in downleg proceeds during the course of a like-kind exchange. We reject the argument.
 
 
 9
 A taxpayer need not abandon all equitable interest in the proceeds from downleg property for a transaction to qualify as a non-taxable event under section 1031. So long as the taxpayer's control over the proceeds during the interim period is subject to substantial limitations or restrictions, the taxpayer is not in constructive receipt of the proceeds, and the transaction qualifies as an non-taxable exchange rather than a taxable sale. See Treas.Reg. § 1.451-2(a) ("income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions"); Garcia v. Commissioner of Internal Revenue, 80 T.C. 491, 499-500 (1983) (applying general rule of constructive receipt from Treas.Reg. § 1.451-2(a) to section 1031 exchange); Swaim v. United States, 651 F.2d 1066, 1070-71 (5th Cir.1981) ("[T]he receipt of money which is unfettered or unrestrained signifies a sale of the property."); see also Treas.Reg. § 1.1031(k)-(1)(f)(2) (affecting exchanges occurring after June 10, 1991) (taxpayer not in constructive receipt of downleg proceeds "if taxpayer's control of its receipt is subject to substantial limitations or restrictions").
 
 
 10
 Cook's citation to In re San Diego Realty Exchange, Inc. (Taxel v. Vaca), 132 B.R. 424 (S.D.Cal.1991), is unavailing. According to Cook, the Taxel court held that Cook's victims held no beneficial interest in the downleg sales proceeds because retention of such an interest was contrary to federal law. The Taxel court, however, made no such holding.
 
 
 11
 In Taxel, SDRE's bankruptcy trustee sought to avoid an upleg transfer made by SDRE to Michael Vaca within ninety days of the filing of the company's petition in bankruptcy. Id. at 426. Vaca argued that the transfer was not voidable under 11 U.S.C. § 547(b) because the upleg property was not the "property of the debtor" for section 547 purposes. Although SDRE did momentarily hold legal title to the upleg property, Vaca argued, it held that title in resulting trust for the benefit of Vaca. Id. at 428.
 
 
 12
 The court rejected Vaca's argument because SDRE had purchased Vaca's upleg property with funds from a commingled bank account containing the downleg proceeds from numerous transactions. Id. The court concluded that any resulting trust in the upleg property thus arose "for the benefit of all SDRE clients who contributed to the commingled fund." Id. at 428. Vaca, like the other contributors to the commingled fund, consequently "assumed the position of an unsecured creditor of SDRE." Id. at 430. Because Vaca did not demonstrate that only his funds were used to purchase the upleg property, the upleg property was "property of the debtor" for section 547 purposes, and the transfer was voidable. Id. at 429-30.
 
 
 13
 Contrary to Cook's arguments, the bankruptcy court held that one SDRE client failed to establish that particular upleg property was purchased with the proceeds from the sale of his downleg property. It did not hold that SDRE's clients did not, let alone could not, hold beneficial interests in the proceeds from the sales of their downleg properties.
 
 
 14
 Cook's reliance on Reed v. CIR, 723 F.2d 138 (1st Cir.1983), is equally unavailing. The Reed court merely suggested that a taxpayer may be in constructive receipt of escrowed funds from which he receives investment income during the escrow period because in such a situation, the taxpayer has received a complete and present interest the equivalent of cash. A taxpayer does not enjoy a complete and present interest the equivalent of cash in funds in which he holds nothing more than an equitable interest. A taxpayer is thus not in constructive receipt of such funds under Reed 's "economic benefit" analysis.
 
 
 15
 Section 1031 does not prohibit taxpayers from retaining a beneficial interest in downleg sales proceeds during the course of a qualifying like-kind exchange. The California Court of Appeal's conclusion that Cook's victims maintained equitable interests in their downleg proceeds does not conflict with, and is thus not preempted by, federal law.
 
 IV.
 
 16
 Cook also argues that the California Court of Appeal misconstrued the Exchange Agreements in concluding that the taxpayers held a beneficial interest in the downleg proceeds. This claim is not cognizable in a section 2254 proceeding. Estelle v. Mcguire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.").
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Cook's petition was filed before April 24, 1996, the 1996 amendments to 28 U.S.C. § 2254 do not apply. Jeffries v. Wood, 103 F.3d 827 (9th Cir.1996)